UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY HAI-YING CHAN,<br><br>    Plaintiff,<br><br>v.<br><br>ZACK EVAN EXLEY,<br><br>    Defendant. | Case No. 21-cv-09990-VC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

    Kathy Chan alleges that her husband, Zack Exley, stole $200,000 from her. She brings two claims in tort, one for conversion and another for money had and received. Because Chan and Exley live in different states, Chan contends that this matter falls within federal diversity jurisdiction. Exley argues otherwise. According to him, he and Chan married in November of 2019, gave birth to a son in January of 2020, and agreed to separate five months later. Exley says that in May of 2021, Chan promised to transfer him the contested money so that he could afford to take care of their child while splitting his time between San Francisco and Missouri. Most relevant for today's purposes, Exley explains that he petitioned for divorce in November 2021, and the divorce matter remains pending in state court. As a result, he argues that this Court lacks jurisdiction to adjudicate this dispute.

    The general federal diversity statue confers jurisdiction over disputes between citizens of different states and in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). But the so-called domestic relations exception to diversity jurisdiction prohibits federal courts from wading into the contentious waters of divorce proceedings. Where a person seeks "the granting or modification of a divorce or alimony decree," diversity jurisdiction does not take

hold. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701–02 (1992) (citing *Barber v. Barber*, 62 U.S. 582, 584 (1858)). This jurisdictional "exception covers only 'a narrow range of domestic relations issues.'" *Marshall v. Marshall*, 547 U.S. 293, 307 (2006) (quoting *Ankenbrandt*, 504 U.S. at 701)). "Under *Ankenbrandt*," the Ninth Circuit instructs, courts must "ask whether the plaintiff seeks an issuance or modification of a divorce, alimony, or child-custody decree." *Bailey v. MacFarland*, 5 F.4th 1092, 1096 (9th Cir. 2021).

Even where parties "do not seek divorce, alimony, or child custody," federal courts may still abstain in cases "involving elements of the domestic relationship." *Ankenbrandt*, 504 U.S. at 705 (citing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)). The Ninth Circuit greenlights abstention where "domestic relations problems are involved tangentially to other issues determinative of the case." *Csibi v. Fustos*, 670 F.2d 134, 137 (9th Cir. 1982). Other courts have said much the same, finding that where disputes are "on the verge of being matrimonial in nature," and where there exists "no obstacle to the full and fair determination of that dispute in state court," it makes good sense to let state courts handle the matter. *Deem v. DiMella-Deem*, 941 F.3d 618, 622 (2d Cir. 2019); *see also Dunn v. Cometa*, 238 F.3d 38, 42–43 (1st Cir. 2001) (affirming abstention where the "claims are based upon conduct in a family context" and the case "presents purely state law claims," among other factors).

There is a serious question whether diversity jurisdiction exists over this case. According to Exley, the $200,000 at issue related primarily to child custody issues. His declaration explains that Chan wired him the money so that he "would be able to afford the travel and visitation expenses required to split [his] time between San Francisco and Springfield, Missouri." And the money would help fund renovations to his Missouri home so that his child could stay there, as well as assist with other expenses "relating to [his] ability to continue frequent visitation" and child-care. A lawsuit over those funds arguably counts as a child-custody dispute, the very kind of matter that federal courts sitting in diversity lack jurisdiction to adjudicate. *Bailey*, 5 F.4th at 1096. That Chan couches her claims in tort makes no difference, for "if litigants were allowed to invoke diversity jurisdiction over domestic relations cases by pleading an independent tort, the

longstanding domestic relations exception . . . would be completely swallowed up." *Csibi*, 670 F.2d at 138.

But assuming the presence of diversity jurisdiction, dismissal on abstention grounds is warranted. Chan and Exley are embroiled in an ongoing divorce proceeding in state court. Those proceedings will almost certainly provide an opportunity to settle ownership over the $200,000. Even more so because, as Exley explains, the parties entered into a premarital agreement governing property transfers between them during the marriage. This dispute is more than "on the verge" of being "matrimonial in nature." *Deem*, 941 F.3d at 622. It in fact seems tailor-made for federal court abstention. The case is thus dismissed without prejudice on abstention grounds.

**IT IS SO ORDERED.**

Dated: April 6, 2022

VINCE CHHABRIA
United States District Judge